IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00358-KLM

TERESE MARTINEZ, and
JOSEPH MARTINEZ,

    Plaintiffs,

v.

SPA MOTEL,

    Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment** [#30] and on Plaintiffs' **Motion to Amend Complaint** [#36][1] (the "Motion to Amend"). Defendant filed a Response [#41] in opposition to the Motion to Amend [#36], and Plaintiffs filed a Reply [#43]. The Court has reviewed the Motions, Response, Reply, the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, Defendant's Motion for Summary Judgment [#30] is **DENIED as moot** and Plaintiffs' Motion to Amend [#36] is **GRANTED in part and DENIED without prejudice in part**.

In short, this case involves a pool-side injury to a child while she and her family were guests at Defendant's motel located in the State of Colorado. In the proposed Second

---

[1] "[#36]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

Amended Complaint [#36-1], Plaintiffs seek to dismiss their negligence claim and replace it with a claim under the Colorado Premises Liability Act, Colo. Rev. Stat. § 13-21-115, and to assert a claim for exemplary damages. *See Motion to Amend* [#36]; *Reply* [#43]. Defendant opposes amendment with respect to both claims. *See Response* [#41].

The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)).

**A.     Proposed Claim One: Colorado Premises Liability Act**

With respect to the proposed claim under the Colorado Premises Liability Act, Defendants argue that Plaintiffs' Motion to Amend is untimely. *Response* [#41] at 1-2. The Court agrees with this assessment. First, the deadline for joinder of parties and amendment of pleadings was July 1, 2015. *See Scheduling Order* [#20] at 8. Plaintiffs' Motion, which does not seek amendment of the Scheduling Order to extend this deadline, is therefore untimely. Plaintiffs offer no explanation for failing to meet this deadline under Fed. R. Civ. P. 16(b) or for waiting until October 1, 2015, to request this amendment under Fed. R. Civ. P. 15(a)(2).

However, delay is "undue" only if it will place an unwarranted burden on the Court or become prejudicial to the opposing party. *Minter*, 451 F.3d at 1205. Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be

permitted to amend the complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted). Here, there is no argument or other indication that Defendant would suffer any prejudice as a result of allowing this amendment. Defendant knew (and informed Plaintiffs) no later than February 20, 2015, that Plaintiffs' common law negligence claim was superseded by the Colorado Premises Liability Act. *See Answer* [#1-8, #5] at 2. Further, the Proposed Scheduling Order jointly submitted by the parties also identified this issue. *See* [#17, #20] at 4 (citing *Vigil v. Franklin*, 103 P.3d 322 (Colo. 2004), the seminal Colorado Supreme Court case regarding negligence and the Colorado Premises Liability Act).

The Court notes that this request for amendment presents a close call. While Plaintiffs are blameworthy for not seeking this amendment much sooner, Defendant has long been aware of this issue (and thus suffers no surprise) and has identified no prejudice to its defense of this matter. However, given that potential prejudice is "the most important factor" in deciding whether to permit amendment, *see Minter*, 451 F.3d at 1207, and that there appears to be none, the Court will allow this amendment.

Accordingly, the Motion to Amend [#36] is **granted** to the extent that Plaintiffs seek to dismiss their negligence claim and add a claim under the Colorado Premises Liability Act.

**B.    Proposed Claim Two: Exemplary Damages**

Regarding Plaintiffs' second proposed claim for exemplary damages, Defendant

argues that this claim is futile because Plaintiffs have failed to allege that the asserted injury was attended by circumstances of fraud, malice, or willful and wanton conduct. *Response* [#41] at 2-4. An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val–Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff[s'] proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff[s], and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff[s], giving [them] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [the] complaint." *Id.*

> Colo. Rev. Stat. § 13–21–102(1.5)(a) provides, in relevant part:
>
> A claim for exemplary damages in an action governed by this section may not be included in any initial claim for relief. A claim for exemplary damages in an action governed by this section may be allowed by amendment to the pleadings only after . . . the plaintiff establishes prima facie proof of a triable issue.

The appropriate test is whether Plaintiffs have provided prima facie evidence of willful and wanton behavior, not whether the Court believes that a jury could find beyond a reasonable doubt that exemplary damages are warranted. *See, e.g.*, *Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *4 (D. Colo. Jan. 17, 2007) (emphasizing that in resolving request to amend pursuant to Colo. Rev. Stat. § 13–21–102, court should consider only the "preliminary question" of whether moving parties made prima facie case, not whether any party will ultimately be entitled to those damages).

The statute contemplates that the discovery process will provide the requisite prima

facie evidence to support a claim for exemplary damages. *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007). Prima facie proof of a triable issue of exemplary damages is established by "a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution." *Id.*; *see also* Colo. Rev. Stat. § 13–25–127(2) ("Exemplary damages against the party against whom the claim is asserted shall only be awarded in a civil action when the party asserting the claim proves beyond a reasonable doubt the commission of a wrong under the circumstances set forth in section 13–21–102.").

Pursuant to Colo. Rev. Stat. § 13–21–102(1)(a), the circumstances under which the wrongful act must have been committed include fraud, malice, or willful and wanton conduct. Here, Plaintiffs do not assert that Defendant engaged in fraudulent or malicious conduct, but they do assert that Defendant's behavior was willful and wanton.

Colorado law defines "willful and wanton conduct" as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others." Colo. Rev. Stat. § 13–21–102(1)(b). The Colorado Supreme Court has noted that "[w]here the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements" are met. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005). Accordingly, the Court must consider whether Plaintiffs have offered evidence to establish a prima facie case that "[D]efendant [was] conscious of his conduct and the existing conditions and knew or should have known that injury would result," in order to determine whether Plaintiffs may be permitted to include a claim for exemplary damages. *Coors*, 112 P.3d at 66.

In the proposed Second Amended Complaint, Plaintiffs allege that when Plaintiff Terese Martinez was leaving Defendant's pool area, "she slipped off a ramp that failed to have any anti-slip, railing or other safety measure(s) in place in order to protect invited guests from falling." *Proposed Second Am. Compl.* [#36-1] ¶ 7. They allege that "Defendant had constructive and implied notice of the condition of the premises," and that "[t]he ramp did not comply with ADA standards." *Id.* ¶¶ 10-11. They also allege that "[t]he area where the subject incident occurred is adjacent to the swimming pool on Defendant's premises and Defendant knew, or should have known, of the increased danger to invited guests due to the activities conducted on the subject premises," and that "[t]he conduct of Defendant was reckless, wanton, and with utter disregard for the rights, safety and/or consequences to the public, specifically Plaintiff Terese Martinez . . . ." *Id.* ¶¶ 27-28. Plaintiffs recite no evidence in support of these allegations in the proposed Second Amended Complaint.

Plaintiffs have failed to meet their burden of presenting a prima facie case of reckless or willful and wanton behavior. Even aside from the failure to provide evidence, the allegations alone simply assert that Defendant could have done more to prevent accidental slippage on the ramp; this, by itself, does not mean that Defendant behaved in a reckless or willful and wanton manner. For example, in *Thiess v. Mercer*, No. 09-cv-02931-CMA-KLM, 2010 WL 1856286, at *2 (D. Colo. May 7, 2010) (quoting *Coors*, 112 P.3d at 66), the Court found that the following conduct demonstrated that the defendants were "conscious of [their] conduct and the existing conditions and knew or should have known that injury would result . . . ."

Plaintiffs claim that Plaintiff Derek Thiess' copious attempts to keep

> Defendants informed of the project issues and costs and (1) Defendant Randel Mercer's threat to Plaintiff Albert Thiess; (2) Defendants' knowledge that they owed money to Plaintiff Derek Theiss for services rendered despite their demands for him to pay them money; (3) Defendants' knowingly untruthful and defamatory statements to the Boulder County Court, the Boulder District Attorney and a Denver-based television station; (4) Defendants' omission of relevant documents in response to a subpoena and their signed statement that they had turned over everything called for; and (5) Defendant Karin Mercer's self-serving modifications of bills submitted by Plaintiff Derek Thiess and attempts to pass the modifications off as the actual bills are all evidence, in part, of "willful and wanton conduct" sufficient to permit Plaintiffs to add a claim for exemplary damages.

In *Innovatier, Inc. v. Cardxx, Inc.*, No. 08-cv-00273-PAB-KLM, 2010 WL 5014488, at *3 (D. Colo. Dec. 3, 2010), the Court held that a misappropriation counterclaim was sufficiently supported to make a prima facie case for exemplary damages when the evidence in part consisted of the following:

> Defendant contends that despite the parties' License Agreement to develop certain technology, Plaintiff continued to attempt to develop the technology on its own and with the aid of Defendant's former employee, Paul Meyer. Specifically, Defendant argues that evidence has revealed that Meyer improperly used Defendant's proprietary information in helping Plaintiff engineer technology in competition with Defendant. Defendant contends that not only is Plaintiff's willful misappropriation borne out in documents and information obtained in discovery, but is also shown by Plaintiff's alleged obstreperous discovery conduct in this case.

(internal citations omitted).  Further, in *Siemens v. Romero*, No. 09-cv-02065-KLM-CBS, 2010 WL 427893, at *3 (D. Colo. Feb. 3, 2010), the Court held that the following conduct was sufficient to state a prima facie case for exemplary damages:

> Plaintiff claims that Defendant's act of allegedly causing the accident, his failure to stop at the scene of the accident, his denial of involvement and failure to accept responsibility for the accident when eventually apprehended, and his plea of guilty to the charge of reckless driving are evidence of "willful and wanton conduct" sufficient to permit Plaintiff to add a claim for exemplary damages. In support, Plaintiff provides the State of Colorado Traffic Accident Report (the "Accident Report"), witness statements contained in the Accident Report and the transcript of the hearing at which Defendant pled guilty to the

criminal charge of reckless driving.

As a final example, in *Cunningham v. Standard Fire Ins. Co.*, No. 07-cv-02538-REB-KLM, 2008 WL 4371929, at *2 (D. Colo. Sept. 23, 2008), the Court held that the following conduct in this insurance dispute was sufficient to state a prima facie case for exemplary damages:

> Plaintiff argues that Defendants' conduct was willful and wanton because they knew their own standards and the purpose for those standards, and they did not follow them. The standards encouraged reasonable claims handling. Defendants purposefully ignored the standards to the detriment of Plaintiff . . . . Defendants knew they had a duty to act . . . . Instead, they did nothing. This was not a mistake, but rather appears to be . . . intentional . . . . Plaintiff has provided the deposition testimony of claims handlers Alice Barron and Susan M. Yeckley in support of his allegations.

(internal citation and quotation marks omitted). Even aside from the failure to provide evidentiary support, the allegations provided by Plaintiffs in support of a claim for exemplary damages simply do not meet the threshold of demonstrating a prima facie case of willful and wanton behavior on the part of Defendant, as demonstrated by these cases.

However, given that leave to amend should be freely given under Fed. R. Civ. P. 15(a)(2), that inclusion of a claim for exemplary damages is prohibited in the initial pleading and only allowed after the plaintiff establishes prima facie proof of a triable issue under Colo. Rev. Stat. § 13–21–102(1.5)(a), and that the parties' discovery deadline was November 2, 2015 (approximately one month after the filing of this Motion [#36]), the request to add exemplary damages should be denied without prejudice, in the event that the parties' final phase of discovery uncovered evidence allowing Plaintiffs to establish prima facie proof of a triable issue on exemplary damages.

Accordingly, the Motion to Amend [#36] is **denied without prejudice** to the extent

Plaintiffs seek to assert a claim for exemplary damages.

### C. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the deadline for amendment of pleadings and joinder of parties is sua sponte extended to **October 1, 2015** (the date on which the Motion to Amend [#36] was filed).

IT IS FURTHER **ORDERED** that the Motion to Amend [#36] is **GRANTED in part and DENIED without prejudice in part**.  The Motion to Amend is **granted** to the extent that Plaintiffs seek to dismiss their negligence claim and add a claim under the Colorado Premises Liability Act.  The Motion to Amend is **denied without prejudice** to the extent Plaintiffs seek to assert a claim for exemplary damages.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiffs' proposed Second Amended Complaint [#36-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendant shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15(a)(3).

IT IS FURTHER **ORDERED** that Defendant's Motion for Summary Judgment [#30] is **DENIED as moot**.  *See, e.g.*, *Strich v. United States*, No. 09-cv-01913-REB-KLM, 2010 WL 14826, at *1 (D. Colo. Jan. 11, 2010) (citations omitted) ("The filing of an amended complaint moots a motion to dismiss directed at the complaint that is supplanted and superseded."); *Gotfredson v. Larsen LP*, 432 F. Supp. 2d 1163, 1172 (D. Colo. 2006) (noting that defendants' dispositive motions are "technically moot because they are directed at a pleading that is no longer operative"); *see also Dempsey v. Jason's Premier Pumping*

*Servs., LLC*, No. 15-cv-00703-CMA-NYW, 2015 WL 4761191, at *2 (D. Colo. Aug. 13, 2015) (mooting a partial motion for summary judgment due to the filing of an amended complaint).

DATED: November 5, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge